**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JING WU, et al.,<br>                    Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>                    Respondent. | No.   23-65<br><br>Agency Nos. A205-190-073<br>                    A205-190-074<br>                    A205-190-075<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2024**
Pasadena, California

Before:  TALLMAN, CALLAHAN, Circuit Judges, and LASNIK,*** District
Judge.

Jing Wu, a native and citizen of China, appeals the Board of Immigration

Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Wu's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on an adverse credibility determination.[1] Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

The central question is whether substantial evidence supports the IJ's adverse credibility determination. We review credibility determinations for substantial evidence, affirming the agency's findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (quotations omitted).

Here, the IJ found that although Wu's testimony was generally consistent, she had a "pattern of providing vague, unresponsive, and confusing testimony, followed by a sudden explanation," which undermined her credibility. The IJ's decision is supported by substantial evidence. Regarding Wu's 2005 abortion certificate, Wu initially testified that the only document she had memorializing the abortion was produced in 2012. After lengthy questioning and several vague answers, Wu

---

[1] Wu filed an affirmative application for asylum with the Department of Homeland Security, listing her husband, Hongyi Wang, and their daughter, Ziyang Wang, as derivative applicants. Derivative applicants' eligibly for relief is predicated on the success of the lead applicant's claims. *See* Immigration and Nationality Act ("INA") § 208(b)(3), 8 U.S.C. § 1158(b)(3)(A). Accordingly, this memorandum disposition addresses only Wu's individual claims for relief and protection as she is the lead applicant, but it applies to all applicants.

explained that she was given a document at the end of her procedure, but the director of the family planning clinic took it because she "didn't have a purse to put it in." Wu testified that she did not get a copy of the document, nor did she request one. When asked about the abortion certificate that her mother obtained in 2012, Wu initially testified that her mother asked for "help from a lot of people" to obtain the certificate. After being asked to clarify several times what she meant by "help," Wu said she did not know how her mother obtained the certificate and that she never asked, but later explained that her mother presented Wu's national identification and obtained a copy of the abortion record. Wu never explained how her mother obtained Wu's national identification or how she obtained the record without Wu being present.

Wu also gave inconsistent testimony regarding her marriage dates. Wu does not dispute the inconsistency, but instead argues that the inconsistency may not support an adverse credibility determination, sta. The BIA acknowledged, and we agree, that the inconsistency alone is insufficient to undermine Wu's credibility, but when viewed in light of the totality of the circumstances, the testimony is not credible. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (allowing this Court to consider any inconsistency, regardless of whether it goes to the "heart of the claim") (quotations omitted).

There are several additional examples where Wu gave vague and inconsistent answers. Wu initially testified that she lost her medical records when she moved and denied that her family in China could help her receive these records, yet she was able to provide an abortion certificate from 2012. Wu also gave inconsistent testimony to the asylum officer, admittedly lied on her visa application, and submitted inaccurate information on her asylum application. Considering the totality of the circumstances, substantial evidence supports the IJ's adverse credibility determination.

Wu also failed to corroborate her testimony. *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013) ("If the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate testimony can be fatal to his asylum application.") (quoting *Sidhu v. I.N.S.*, 220 F.3d 1085, 1090 (9th Cir. 2000)). IJs retain broad discretion to determine the authenticity of a document. *Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007). The IJ reasonably gave little weight to the 2012 abortion document because it was not contemporaneous and was produced under questionable circumstances. Similarly, the letter from Wu's mother cannot corroborate the abortion because she was not present. Regarding the sterilization notice, the IJ questioned the notice's authenticity, particularly because the notice listed the date of birth of Wu's second child. *See Vatyan*, 508 F.3d at 1185 n.4 ("'[A]n IJ need not accept all documents as authentic nor credit

documentary submissions without careful scrutiny' so long as the rejection is 'premised on more than a guess or surmise.'") (alteration in original) (quotation omitted). Wu failed to produce sufficient documentary evidence corroborating her claim.

Because Wu's testimony was not credible, she failed to establish eligibility for asylum and withholding of removal. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). The remaining objective evidence is insufficient to justify relief under CAT. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Therefore, the record does not compel us to reverse the IJ's credibility determination, and in turn, we find that substantial evidence supports the BIA's denial of all three of Wu's claims for relief.

**PETITION DENIED.**